DETWILER v. BOSLER.

(Circuit Court, E. D. Pennsylvania. July 6, 1893.)

No. 16.

PATENTS FOR INVENTIONS—INFRINGEMENT—GRINDING MILLS.
    Letters patent No. 188,783, issued March 7, 1877, to John S. Detwiler, for an improvement in grinding mills, claims the "combination of a pair of stones set to grind coarse, with a second pair of stones, of larger

diameter, set to grind fine, and run at a lower speed than the upper and smaller pair;" the partially ground grain falling from the upper to the lower pair. *Held*, that the claim was not infringed by the use of rollers revolving in a vertical plane, instead of stones revolving in a horizontal plane. 55 Fed. Rep. 660, overruled on rehearing.

In Equity. On rehearing. Suit by John S. Detwiler against Joseph Bosler for infringement of letters patent No. 188,783, issued March 27, 1877, to complainant, for an improvement in grinding mills. On May 9, 1893, a decree was ordered for complainant, but a rehearing was subsequently granted. Bill dismissed.

Charles B. Collier, for complainant.

Horace Pettit, for respondent.

DALLAS, Circuit Judge. Upon May 9, 1893, I filed an opinion in this case, in which the conclusion was reached that the plaintiff was entitled to a decree. Before any decree was entered, however, and with sufficient promptitude, a motion for a rehearing was made on behalf of the defendant. After argument and consideration of that motion, I was of opinion that perhaps I had fallen into error upon a single but essential question, which, being one of fact, it was especially incumbent upon me to reconsider. Accordingly, the motion for rehearing was granted, and the case has since been reargued, but only upon one point, viz. as to whether "the court had misunderstood or misconstrued the testimony regarding the construction of defendant's mill." In my former opinion I said: "The defendant's expert (Hollingsworth) has testified that, irrespective of scalpers and assuming that rollers are the equivalents of millstones, the two processes are in his opinion exactly the same." I now perceive that as to this, I did misunderstand the evidence. The witness Hollingsworth had testified, it is true, precisely as I stated; but it should be observed (as I failed to do) that the portion of his testimony to which I especially referred related exclusively to "the two processes," and not to the two organized mechanisms of the complainant and of the defendant respectively; and the patent in suit is not for a process, but for a combination of mechanism by which a designated process is carried on. My attention has now been directed to the fact that Mr. Hollingsworth, himself, very pointedly made this distinction, and testified, in effect, that the "machine" of the defendant was different from that of the complainant. My misapprehension of the evidence in this particular led me to attribute undue force to the argument of complainant's counsel in aid of the construction which he contended should be given to the testimony of Mr. Collins and of Mr. Berger with reference to the diameter and speed of defendant's rolls. That the second pair of stones shall be of larger diameter, and run at a lower speed, than the upper and smaller pair of stones, are essential features of the claim. These elements I now find, after a careful review of the evidence, have not been shown to be present in the defendant's construction; and the very ingenious argument of complainant's counsel, not having (as I had supposed it had) the support of the defendant's own expert, seems to me, upon re-examination,

to be too conjectural and inferential for acceptance. The burden of proving infringement was upon the complainant. To discharge himself of this burden, he might, and should, have established with reasonable clearness, if it existed, the substantial identity of the organized mechanism of the defendant with that of the patent. This he has not done with respect to the two elements which I have particularly mentioned, and therefore the direction of May 9, 1893, for the preparation of a decree in favor of the complainant is revoked; and it is now ordered that the bill of complaint be dismissed with costs.